IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EXCELERON SOFTWARE, LLC,    §
                           §
    Plaintiff,             §
                           §
v.                         §        Civil Action No. 3:25-CV-1997-N
                           §
STEPHEN JOHNSTON           §
                           §
    Defendant.             §

## MEMORANDUM OPINION & ORDER

This Order addresses Plaintiff Exceleron Software, LLC's ("Exceleron") motion to dismiss Defendant Stephen Johnston's counterclaims for fraud and deceit, and a security fraud violation [11]. The Court grants the motion for the following reasons. Furthermore, the Court grants Johnston's request for leave to amend these two counterclaims.

## I. ORIGINS OF THE MOTION

This case arises from Johnston's consulting work for Exceleron in 2015.[1] Exceleron is a software company that hired Johnston to provide guidance for sales and business development, capital strategy, marketing and branding, and organizational structure and hiring. Def.'s Answer, Counterclaims[2] ¶ 1 [6]. In 2015, Exceleron promoted Johnston to Executive Advisor. *Id*. ¶ 2. As compensation for reducing his service fees, Exceleron

---

[1] For the purposes of this Order, the Court assumes all well-pleaded facts in Johnston's answer and counterclaims as true.

[2] Johnston inadvertently restarts his numbering on page 5 of his Answer, where he begins asserting his counterclaims. The Court uses his numbering.

MEMORANDUM OPINION AND ORDER – PAGE 1

offered an immediately vested and exercisable option to purchase ten percent of Exceleron at a price equal to a pre-money valuation of $10,000,000. *Id*.

Bob Crenshaw, Chief Executive Officer, allegedly indicated he would form an LLC to hold Johnston's option to purchase equity and the plan related documents. *Id*. at ¶ 5. Crenshaw also stated that Johnston could use part of his ten percent equity to incentivize "early hires." *Id*. at ¶ 7. Any stock options the new hires did not use would revert back to Johnston. *Id*. at ¶ 18. Crenshaw, Exceleron, and Johnston, thus, formed an oral agreement. *Id*. at ¶ 10. Johnston memorialized this oral agreement in emails to two new hires. *Id*. at ¶ 11–12. Then, Exceleron merged with PayGo Utilities. *Id*. at ¶ 16. In March of 2025, Johnston learned about the merger and intended to exercise his equity option immediately. *Id*. at ¶ 19. However, Crenshaw denied that Exceleron granted Johnston the option to purchase because Johnston did not become President and thus Johnston did not have an offer letter. *Id*. at ¶ 22. Johnston also learned that Crenshaw never set up the LLC holding the plan documents. *Id*. at ¶ 20.

Johnston countersued under four theories: (1) breach of contract; (2) unjust enrichment, (3) fraud and deceit, and (4) security fraud violations of section 10(b) and 10(b)(5). *Id*. at ¶¶ 25–66.

## II. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and

MEMORANDUM OPINION AND ORDER – PAGE 2

viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS COUNTS III AND IV

The Court finds that Johnston failed to state a plausible fraud and deceit claim and a plausible claim under section 10 and 10(b)(5). Rule 9(b) governs both Johnston's fraud claim and his federal securities fraud claim. Def.'s Answer, Counterclaims ¶¶ 44–60. Additionally, federal securities claims must also meet the pleading requirements in the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78(u)(4).

MEMORANDUM OPINION AND ORDER – PAGE 3

### A. Johnston Fails to Meet Rule 9(b)'s Heightened Pleading Requirements

Federal Rule of Civil Procedure 9(b) requires plaintiffs bringing fraud claims to state such claims with particularity, or set forth "the 'who, what, when, where, and how' of the events." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Additionally, plaintiffs must "explain why the statements are fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (collecting cases). Fraudulent statements about the future are not actionable unless at the time of the statement the defendant did not intend to fulfill its promise. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) ("A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made.").

Here, Johnston does not sufficiently allege that Exceleron did not intend to fulfill its promise. Johnston pleads that Exceleron implemented "a continuous and deliberate fraudulent scheme to induce Johnston's performance" and that "Crenshaw had no intent to perform" on his promises. Def.'s Answer, Counterclaims ¶¶ 45, 49. Specifically, he alleges that Crenshaw represented that (1) Johnston received an option to purchase Exceleron's stock; (2) Johnston would work at below market fees; and (3) Johnston could use portions of his 10% to incentivize new hires to work at Exceleron; (4) but then Crenshaw falsely claimed Johnston's options were contingent on his acceptance of the role of President. *Id.* at ¶ 46.

MEMORANDUM OPINION AND ORDER – PAGE 4

However, these allegations are not sufficient to state a plausible claim for fraud. Johnston's only allegation that Exceleron (through Crenshaw) did not intend to perform is conclusory. Johnston does not allege any facts demonstrating that at the time Crenshaw promised him the option to purchase equity, that Exceleron had no intention of honoring that promise. *See Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 292 (5th Cir. 2023) ("While [plaintiff] alleges that the promise was false and that [defendant] knew it was false, these conclusory allegations are unadorned and devoid of further factual enhancement."); *TM Boyce Feed & Grain, LLC v. nVenia, LLC*, 747 F. Supp. 3d 951 (N.D. Tex. 2024) (dismissing fraud claim because "[f]ailure to perform . . . is no evidence of the promisor's intent not to perform when the promise was made") (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986)). In short, Johnston fails to sufficiently allege "why" the statements are fraudulent. The Court thus grants Exceleron's motion to dismiss Johnston's fraud claim against Exceleron.

### B. Johnston Does Not Meet the PSLRA's Heightened Pleading Requirements

Section 10(b) of the Securities and Exchange Act, codified at 15 U.S.C. § 78j(b), empowers the Securities and Exchange Commission to prescribe rules and regulations to protect the public from manipulative and deceptive securities practices. Rule 10b-5, implementing Section 10(b), makes it unlawful "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5. Each violation under Rule 10b-5 require scienter, which is a "mental state embracing intent to deceive, manipulate, or defraud." *Mun. Emps.' Ret. Sys. v. Pier*

MEMORANDUM OPINION AND ORDER – PAGE 5

*1 Imps., Inc.*, 935 F.3d 424, 429–30 (5th Cir. 2019) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007)).  "Both intent and 'severe recklessness' are sufficient." *Id*. at 430 (quoting *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 408 (5th Cir. 2001)).

Section 10(b) claims are also subject to Rule 9(b), which requires that plaintiffs alleging fraud or mistake state their claims with particularity.  *Owens*, 789 F.3d at 534–35. The PSLRA further heightens the pleading requirements in two ways.  First, plaintiffs must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).  Second, plaintiffs must, "with respect to each act or omission . . . , state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  *Id*. § 78u-4(b)(2)(A).

The latter "alters the usual contours of a Rule 12(b)(6) ruling" by requiring courts to "take into account plausible inferences opposing as well as supporting a strong inference of scienter." *Cotter v. Gwyn*, 2016 WL 4479510, at *6 (E.D. La. 2016) (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009)).  When viewing the allegations holistically, the inference must be "cogent and compelling, not merely reasonable or permissible, in light of other explanations." *Id*. (quoting *Lormand*, 565 F.3d at 239) (internal quotations omitted); *see also Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 551 (5th Cir. 2007).

MEMORANDUM OPINION AND ORDER – PAGE 6

Here, Johnston fails to allege facts that establish a strong inference that Exceleron acted with the requisite state of mind. Like above, Johnston alleges Crenshaw, as CEO, engaged in a scheme to defraud Johnston. Def.'s Answer, Counterclaims ¶ 55. Johnston pleads that Crenshaw had no intention of honoring the promise because he failed to document the option in writing despite Johnston's repeated requests. *Id*. at ¶ 57. Johnson also alleges that Crenshaw later denied this equity option even existed. *Id*. However, these allegations do not establish particular facts such that the inference is "cogent and compelling." *See Lormand*, 565 F.3d at 239.

Johnston does not plead specific facts to infer scienter. Johnston did not plead, for example, that Crenshaw made a statement evidencing recklessness or sufficient correspondence indicating Exceleron did not intend to keep its promise. *See, e.g., Spitzberg v. Hou. Am. Energy Corp.*, 758 F.3d 676, 684 (5th Cir. 2014) (stating defendant's use of an industry specific term and numerous representations about factual amounts of oil sufficiently misleading); *Wharf (Holdings) Ltd. V. United Int'l Holdings, Inc.*, 532 U.S. 588, 591–92 (2001) (holding several contemporaneous written documentation of the option, notes about "get[ting] out" of the option, and back pedaling, stalling, or internal statements about what to falsely claim show a lack of intent to honor a promise). Here, scienter is permissible, but there could be other explanations for Exceleron's actions. That is, Exceleron could have had the intent to perform at the time in December 2015 but then breached the agreement in 2025. Therefore, the Court grants Exceleron's motion to dismiss Johnston's Rule 10b-5 claim.

MEMORANDUM OPINION AND ORDER – PAGE 7

**CONCLUSION**

Because Johnston fails to allege sufficient intent to not fulfill its promise under Rule 9(b) and PSLRA, the Court grants Exceleron's motion to dismiss Johnston's claim for fraud and deceit and claim under section 10(b) and Rule 10b-5 for securities fraud. Finally, the Court grants Johnston's request for leave to amend these two claims. If Johnston does not file his amended counterclaims within 30 days, the Court will dismiss Johnston's counterclaims with prejudice without further notice.

Signed April 20, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8